FAX or Internet

# UNITED STATES DISTRICT COURT

## for the

## District of Arizona

| | |
|---|---|
| In the Matter of the Search of | ) |
| | ) |
| A black and blue colored BLU cellular telephone, | ) Case No. 21-4258mb |
| IMEI number: 354527075077689, found underneath | ) |
| P.T.'s body | ) |

## ELECTRONICALLY ISSUED SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer.

An application by a federal law enforcement officer for the government requests the search of the following person or property located in the    District of Arizona
*(identify the person or describe the property to be searched and give its location)*:

### SEE ATTACHMENT A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

I find that the affidavit(s), or any recorded testimony, have been communicated by reliable electronic means and establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     September 8, 2021
                                                                                                        *(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.    ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the search warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a search warrant copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
                    Camille D. Bibles                                    .
                    *(Name)*

☐ I find that immediate notification may have an adverse result as specified in 18 U.S.C. §3103a  (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
                                                  ☐ until, the facts justifying, the later specific date of _____ .

Date and Time Issued: 8/25/21 @ 4:55 P.M.         *Camille D Bibles*
                                                                                    *Judge's Signature*

City and State:     Flagstaff, Arizona              Honorable Camille D. Bibles, U.S. Magistrate Judge
                                                                            *Printed Name and Title*

| Return | | |
|---|---|---|
| Case No.: 21-4258mb | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing Officer's Signature*

_____
*Printed Name and Title*

## ATTACHMENT A
## ITEM TO BE SEARCHED

**DESCRIPTION OF ITEM:** A black and blue colored BLU cellular telephone, IMEI number: 354527075077689, found underneath P.T.'s body.

This warrant authorizes the forensic examination of the BLU CELLULAR TELEPHONE and associated SIM card or removable data storage device for the purpose of identifying the electronically stored information described in **Attachment B.**



## ATTACHMENT B

*Property to be seized*

1.     Any records and information found within the digital contents of the BLU CELLULAR TELEPHONE and associated SIM card or removable data storage device that relate to violations of 18 U.S.C. §§ 1111 and 1153, Offenses Committed in Indian Country: First Degree Murder, including but not limited to:

a.     all stored electronic and wire communications, including emails, instant messages, text messages, voice mail messages, or other communications, images, photographs, videos, and records, for the period August 4, 2020 through August 4, 2021;

b.     call and contact lists to include dialed, received, and missed calls, and telephone directories, for the period August 4, 2020 through August 4, 2021; and

c.     any information recording the user's schedule or travel, from August 4, 2020 through August 4, 2021.[1]

---

[1] The technology is such that the forensic examiner must extract the entire contents of the phone without date restriction, and the entire contents of the phone without date restriction will be maintained as evidence per the FBI's policy. The forensic examiner will then use date filters to limit the forensic report to the one-year period set forth above. If the government discovers information supporting a search beyond this one-year period, it will submit another search warrant for the Court's consideration.

2.      Any records and information found within the digital contents of the BLU CELLULAR TELEPHONE and associated SIM card or removable data storage device showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

2

FAX or Internet

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of:

A black and blue colored BLU cellular telephone,   )
IMEI number: 354527075077689, found              )     Case No.   21-4258mb
underneath P.T.'s body                           )
                                                 )

## ELECTRONIC APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, <u>F.B.I. Special Agent Ryan Gowdy</u>, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

### See Attachment A.

located in the District of Arizona, there is now concealed *(identify the person or describe the property to be seized)*:

### See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

[X] evidence of a crime;

[ ] contraband, fruits of crime, or other items illegally possessed;

[ ] property designed for use, intended for use, or used in committing a crime;

[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| <u>Code Section</u> | <u>Offense Description</u> |
|---|---|
| 18 U.S.C. §§ 1153 and 1111 | Murder (Indian Country) |

The application is based upon the following facts:

[X] Continued on the attached sheet (see attached **Affidavit**).

[ ] Delayed notice _____ days (give exact ending date if more than _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by: *s/ AUSA Emma Mark*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>08/25/2021</u>

_____
*Applicant's Signature*

Ryan Gowdy, F.B.I. Special Agent
*Printed Name and Title*

**Sworn by Telephone**

Date:   <u>August 25, 2021</u>

_____
*Judge's Signature*

Camille D. Bibles,
United States Magistrate Judge
*Printed Name and Title*

City and State:   Flagstaff, AZ

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**ELECTRONICALLY-SUBMITTED AFFIDAVIT**

I, Ryan Gowdy, Special Agent of the Federal Bureau of Investigation, state under oath as follows:

1.     Your Affiant has been a Special Agent (SA) with the FBI since March 2016. As a SA of the FBI, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18.  Your Affiant's duties include the investigation of violent crimes occurring within Indian Country in the District of Arizona.  Your Affiant has investigated homicides, assaults, sexual assaults, and kidnapping cases both as the case agent and co-case agent.

2.     The statements contained in this Affidavit are based on information gathered by your Affiant and other law enforcement officers, either directly or indirectly through their reports, surveillance and information provided by witnesses. Your Affiant also relies on his experience, training, and background as a Special Agent with the FBI in evaluating this information, and on your Affiant's own work on this case.

3.     Because this Affidavit is being submitted for the limited purpose of obtaining a search warrant, your Affiant has not included every fact known to your Affiant concerning this investigation. Your Affiant has set forth only the facts

- 1 -

necessary to establish probable cause to support the issuance of the requested search warrant.

## Introduction

4.     As more fully detailed below, this case involves the murder of P. T.  On August 4, 2021, Navajo Nation Criminal Investigator Samantha Yazzie notified your Affiant that P. T. was found deceased inside his hogan. The murder occurred on the Navajo Nation Indian Reservation (Indian Country) in the District of Arizona.

5.     The purpose of this search warrant application is to obtain information from a BLU CELLULAR TELEPHONE, IMEI #354527075077689 found at the murder scene on or near the victim's body.  Your affiant submits there is probable cause to believe that evidence related to the crime is located on the BLU CELLULAR TELEPHONE.

6.     Your affiant seeks a search warrant to examine the BLU CELLULAR TELEPHONE and associated SIM card or removable data storage device, as further described in **Attachment A** and to extract the electronically stored information, as further described in **Attachment B**.

## Investigation

7.     On August 4, 2021, your Affiant interviewed Leonard Earl, a family member of P.T.  Around 10:45AM on August 4, 2021, Earl went to P.T.'s hogan to give food scraps to P.T.'s dogs.

8.     When Earl arrived at the hogan, he noticed two vehicles at the

residence, including a truck belonging to P.T. The truck had multiple boards leaned up against the side, which Earl described as suspicious.

9.    Earl knocked on the door of the hogan but did not get a response. Earl went to a different door, a screen door, and entered the residence. Upon entering the hogan, he saw a body on the floor, which he believed was P.T. Earl noted the body was not breathing, at which point he contacted the police.

10.    Paramedics responded to the scene and pronounced P.T. dead. Navajo Nation Police Officer Kara Tilden entered the residence with paramedics around 11:29AM on August 4, 2021. Officer Tilden observed P.T.'s arms and legs tied together with rope, and the hood of his sweatshirt pulled over his head. Officer Tilden also observed a red substance on the hood of the sweatshirt, which appeared to be blood.

11.    On August 4, 2021, the FBI and Navajo Criminal Investigators searched the hogan pursuant to a search warrant. While preparing P.T.'s body for transport, investigators discovered a BLU CELLULAR TELEPHONE underneath P.T.'s body. Your Affiant briefly detached the battery to identify the IMEI number. After detaching the battery, your Affiant identified the IMEI number and found a Cellular One SIM card.

12.    Your Affiant interviewed P.T.'s family members, friends, and neighbors regarding ownership of the BLU CELLULAR TELEPHONE, among other things. P.T.'s family members described P.T.'s cell phone as "basic" (*i.e.*, not

a smartphone) and stated that he used service provider Cellular One. This information is consistent with the BLU CELLULAR TELEPHONE discovered underneath P.T.'s body.

13.     Investigators collected the BLU CELLULAR TELEPHONE at the scene. Since its collection the BLU CELLULAR TELEPHONE has been in the lawful possession of the Navajo Criminal Investigations Office in Window Rock, Arizona. From my training and experience, I know that the BLU CELLULAR TELEPHONE has been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the BLU CELLULAR TELEPHONE came into law enforcement custody.

## Items to Be Seized

14.     Based on the foregoing, your Affiant submits there is probable cause to believe that evidence pertaining to the death investigation of P.T., as described in **Attachment B** will be found on the BLU CELLULAR TELEPHONE.

15.     Based on your affiant's training and experience, your affiant knows that cellular phones are one of the primary modes of communication on the Navajo Nation Indian Reservation. Cellular phones are used to call and text others, as well as to access the Internet. Cellular phones contain information that may show a person's movement, location, calls, texts, and related information, as well as the times those things occurred. Thus, they can be used to determine or help determine a person's movement prior to a crime and possibly assist in determining the time of

-4-

an incident and/or time of death.

16.    Based on your affiant's training and experience, your affiant knows the following about the abilities of cell phones:

    a. Cell phones have the ability to store device information and subscriber information that can be used to uniquely identify the user of the cellular device.

    b. Cell phones have the ability to store phone numbers and associate a name with the number commonly referred to as "Contacts."

    c. Cell phones have the ability to maintain a record of incoming and outgoing calls to include the date and time of the call commonly referred to as a "Call Log."

    d. Cell phones and cellular service providers have the ability to send and receive Short Message Service (SMS) and Multimedia Messaging Service (MMS) data more commonly referred to as "Text Messages" and store this information either on the cell phone or at the service provider.

    e. Cell phones have the ability to take and record photographs, audio files, and/or videos and store this information either on the cell phone or at the service provider.

f. Cell phones have a web browser with the ability to search for and browse web pages on the Internet and store this information either on the cell phone or at the service provider.

g. Cell phones have the ability to record the physical location of the device (commonly referred to as "GPS information") when the cellular device takes a photograph, video, or completes an incoming or outgoing phone call or text message and stores this information either on the cell phone or at the service provider.

h. Cell phones have the ability to install applications, and these applications can be used to communicate with other devices or individuals.

i. Cell phones have an internal memory device with the ability to maintain a record of the device information, subscriber information, contacts, call logs, text messages, photographs, videos, web browsing history, GPS information, and applications.

**Digital Evidence Stored Within a Cellular Telephone**

17.   As described in **Attachment B**, this application seeks permission to search for records and information that might be found in the contents of the BLU CELLULAR TELEPHONE.  Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

18.  *Probable cause.*  Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the BLU CELLULAR TELEPHONE for at least the following reasons:

    a.  Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime.  From my training and experience, your Affiant believes that a cellular telephone may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; information about who P.T. was in contact with before his death; and other records that may identify the perpetrator of the offense.

    b.  Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files;

- 7 -

information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

19.   *Forensic evidence.*   As further described in **Attachment B**, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the BLU CELLULAR TELEPHONE because:

a. As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and

- 8 -

how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude an innocent from further suspicion.  In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.   Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used.  For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet.  Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation.  Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and

- 9 -

the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation.

b. A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the BLU CELLULAR TELEPHONE, including the use of computer-assisted scans.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I

- 10 -

submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

### Conclusion

22.    This Affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose. Based on the foregoing, I request that the Court issue the proposed search warrant because there is probable cause to support that violations of federal law have occurred as described above. I respectfully submit that there is probable cause to believe that evidence described in **Attachment B**, which constitutes evidence of a violation of 18 U.S.C. §§ 1111 and 1153, is likely to be found on the BLU CELLULAR TELEPHONE, which is particularly described in **Attachment A**.

   **Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

August 25, 2021
Executed on (Date)

R. Gowdy
Ryan Gowdy
Special Agent
Federal Bureau of Investigation

Sworn by Telephone

Date/Time: 8/25/21 @ 4:55 p.m.

HON. CAMILLE D BIBLES
United States Magistrate Judge

- 11 -